Mr. Bai. Oh, hello. Yes. Yes. I forgot. I forgot you were online. I forgot. It's nice to see you. I forgot. I forgot you were online. I forgot. I forgot. I wish we could make it. I forgot. I forgot you were online. I forgot. You know that there's an echo. There's a terrible echo. There's an echo. Yes, I hear that too, but I don't know what happened. Yes, I hear that too, but I don't know what happened. Oh, yeah. Well, we may just have to live with it. We can't figure out why. So go ahead, Mr. Bai. Okay. We can't figure out why. So go ahead, Mr. Bai. Okay. Good morning, Your Honors. Benjamin Bai for Appellant Lightzey. Let me start off by saying what this appeal is and is not. We start the clock, please. This appeal is not about attorney fees, even though it arose in the context of an attorney fee dispute. In fact, it's about jurisdictional principles, what it takes to get into federal courts. Broadly speaking, it's about the jurisdictional limits of federal courts over foreign companies, which don't operate in the U.S. except through an interactive website. Mr. Bai, is there any material fact here of which Judge Alonzo was not aware or did not consider exercising his discretion? I believe he's aware of all the facts, but somehow in my view, his interpretation of the facts is not correct. For example, when he found there was a colorable basis for personal jurisdiction, he relied on two facts. He said plaintiff knew that Lightzey sells infringing products on its website. Mr. Bai, we're not going to review that. What basis is there for us to review that? It seems to me like what you're asking for is an advisory opinion. The issue here is one of attorney's fees, period. The district judge dismissed your client from the case, and that was the end of your client's participation in the case. You sought attorney's fees. The district court denied it. And the only issue I see for us to decide is whether or not the district court abused its discretion, which is a very steep hill to climb. Which is a very steep hill to climb. Yes, Your Honor, but the denial of attorney fees is dependent upon a finding of a colorable basis for personal jurisdiction. That's the center of the opinion. In addition, he found litigation conduct was not unreasonable, and those two form the holding of the decision, and we're appealing both holdings. Mr. Bai, what is the plaintiff's duty vis-a-vis enforcement of the TRO? You seem to take the position, and you tell me that if I'm wrong. But you seem to take the position that it was Poulsen's fault that PayPal continued to treat the TRO as binding and would not release funds to Larkin Zee even after the TRO expired. Didn't the TRO on its face reveal when it expired? Your Honor, the TRO expired on June 25th, 2024. It remained in force for more than two months. We don't know what the reason is. We suspect it's most likely that plaintiff did not notify PayPal. Normally PayPal does not unfreeze unless the plaintiff's counsel notify PayPal of unfreezing. So that's normally what happened, but we are not privy to whatever happened and why it stayed in force for two months. That's exceptional. What I mean is it's not normal for a TRO to continue to freeze an account after it expired, maybe for a couple of days, but definitely not for two months. Did your client follow up with PayPal and present documentation to lift the freeze? Why is it on plaintiff? Your Honor, the industry practice and also PayPal's practice is they only unfreeze upon plaintiff's notification. But on the face of the TRO, isn't there an explicit time period for the duration of the TRO? You're putting this on plaintiff, but this could have been PayPal's error. When you submitted an unsworn email with some screenshots, plaintiff actually dropped the claims against your client the next day, correct? Yes, that's right. PayPal unfreezed after a couple of days. That's their normal procedures, but they don't listen to the account holder. They have to have something from the plaintiff's counsel to unfreeze. That's their practice as far as we understand. Because of the echoes, I apologize. I don't hear all the questions. So if I didn't answer all your questions, please ask me again. I think you've answered all of our questions so far. Okay. May I continue, please? Yes, of course. Well, the colorable basis is wrong because there is no infringement unless there's jurisdiction, and that's the issue here. And it's litigation conduct being unreasonable because the expiration of the TRO is still affecting the account. That's exceptional. So for these reasons, the district court's opinion should be reversed. Thank you, Your Honor. Okay. Thank you. Mr. Teague, what would you like to add here? Okay. Thank you, Mr. Teague. My name is Joseph Tye. I represent the plaintiff. I'm sorry. The forebearers put the G and the H in there. I had nothing to do with it, and neither did you, Your Honor. It just carries with me. Well, it's nice to have you. Your Honor, the panel has put the nail into this. This is a misguided attempt to raise an issue. This is not the way to do it. If there was a concern about the temporary restraining order, there was a remedy through the temporary restraining order. If there was a challenge of personal jurisdiction, there was a way to address that. This is a denial of fee request. The defendant says this is a typical case. The fee statute says you only get a fee if it's an exceptional case. The problem that the defendant has is that the statute works in a way that the defendant doesn't like. The problem that the defendant brings to this court is it attacked the problem in a way that this court doesn't address cases. The defendant presented a wildly unreasonable fee request on a matter that was left to the court's discretion. The court found it was wildly unreasonable, and that is not challenged. That is an independent basis for affirmance. The defendant gave my client four times a specific date by which it had to act or face consequences. My client met that date. That is an independent basis for affirmance. The defendant made no challenges to any order in the case. Instead, it's an argument that embedded in a denial there was a misconstruction of an issue of fact and pleading and procedure to address a question of personal jurisdiction. You can only bring an action by bringing an action. You put it on the table. The defendant then has a way to challenge it. But in any challenge of personal jurisdiction, we start where the defendant finally acted. Give us the evidence, and then we'll react. And as soon as we got that evidence, we dismissed the case. This is a problem that arises because of the way commerce is conducted in the world. It's conducted through the screen. You find the infringers through the screen, and you have to present it to a court that has to act on the basis of sworn pleadings because you can't tell the people who are counterfeiting yet, and the court has to make a determination. It's a difficult task. We accept that. We do it as well as we can to present the issues as clearly as we can. What can you tell us about the mistake that was made with respect to the screenshot of a non-infringing product, and why shouldn't such a mistake warrant a fee award given its impact on the question of personal jurisdiction over the defendant? Well, the screenshot, Your Honor, related to the fact that this defendant does not operate through the same intermediaries. I think Alibaba is the primary one, and because it does not use the same intermediaries, it is not as easy to independently detect and confirm sales in the United States. So the personal jurisdiction argument as to this defendant was based upon the fact that it is selling infringing products, and it has engaged in commerce by selling products in the United States, which plaintiff says supports the inference that they should be brought into court. That was not a legally sufficient basis because the facts established that they were not making sales in the United States. Plaintiff alleged on information and belief that they were because they had the ability to do so. Once they found that they had not, they said, we don't have a cause of action. We'll dismiss the cause of action. But the only way you can find out is to make the allegation, and they made the allegation in good faith, and as soon as it was met, the case was withdrawn. Unless the court has any further questions, I'll rest on my brief. Thank you very much. No, no, no, no. You can't go yet. Your Honor, I've never been accused of being fast, and I'm going to take that to my grave. So thank you. What's your question, ma'am? All right. Thank you. All right. Could you address what duty a plaintiff has, if any, with respect to the TRO once it expires? Let's see. I seem to fault your client for not making sure PayPal released its funds once the TRO expired. I don't know how my client could be at fault. It requested relief. The order had an expiration date upon it. There was a further request for relief. The relief was explicit, and then PayPal, apparently, which had the order, interpreted the order more broadly, possibly for its interest, but it was not as a result of any communication from our client to say, please hold this case up. Okay. You can run away, I guess. Well, I'll walk. All right. Thank you. Thank you very much. Mr. Bai, do you have anything to add? I assume that this is how the thing, I assume I will do the rebuttal. If I may, I can proceed. Oh, yes, yes, yes. Sure. Mr. Tang. Yes. Go ahead. Sure. May it please the court. Our request for this appeal is very simple. Set a law should be enforced to curb exceptional litigation behavior. The plaintiff has several exceptional behaviors during the whole process. The district court reached its conclusion to deny our motion for attorney fees based on a view that website screenshots plus unrelated sales constitutes tolerable basis for personal jurisdiction and warrant informal jurisdictional discovery. But when the plaintiff filed a complaint and moved for a TRO, it misled the court to obtain it. It submitted two screenshots of a website, one screenshot of an unrelated sale, but did not notify the court the sale was unrelated. It did not notify the court that they had evidence on actual sale at all. So either or at least one of the plaintiff or the court is wrong. The plaintiff was wrong because it omitted or concealed a material fact, which is violation to the disclosure duty of material facts in the ex parte proceedings under Illinois professional conduct rules. The district court was wrong because personal jurisdiction analysis should not include unrelated sale. This was a principle established in the Matlin case, an advanced tactical case decided by this court. And to address the expiration of the TRO, what we mean by the plaintiff acted as if the TRO or on PI is in effect is because it did not notify Lightsey that there was no TRO or PI. Remember that Lightsey reached out to the plaintiff on the date of July the 22nd, 2024. And two days later, Benjamin, Mr. Bai, who was the counsel, has already notified that they do not have personal jurisdiction. That's the first chance they notified that, oh, there's no TRO in this effect, and we should talk about a case in another way. The plaintiff did not either notify PayPal to release Lightsey's account until September the 3rd. The record shows in that email and read it, quote, unquote, plaintiff has also notified PayPal to release defendant's accounts. This is actually the first time that Lightsey knows that plaintiff has never notified PayPal to release its account, which is more than two months after the TRO expiration. We think that is a violation of the duty of truthfulness to a litigation party. And plaintiff said that, oh, they have four times, they heard four times from Lightsey that there is a set date to add, and it did that in a timely manner. It did not, because it received four reminders on personal jurisdiction issues, first one being July 24th and the last one on August 29th. Plaintiff misstated the law on personal jurisdiction. Mr. Fen, if your client was so concerned that there was no jurisdiction, why didn't you move to dismiss for lack of personal jurisdiction? Instead, you know, there were emails for a few weeks, but no motion. Why not? Sure, Your Honor. That was actually on the plan. We do plans in two ways, but we reach out to the plaintiff. You didn't get to it because actually plaintiff voluntarily dismissed your clients, right? So upon the showing, actually the day after a showing of a screenshot by Mr. Byrne. And so I think that's where the district court thought that was reasonable and denied you fees, correct? That's partially true. The other side of the fact is that we send out a sanction notice to put them on hook, that if you keep on this case protracted and in a wasteful way of judicial resources, we have to do it to move for sanctions. That was about 21 days before the September 3rd date. That's why we set the date for that. And they acted within the time frame, which is true, but that was also reaching to the very end of the period we put on the sanction notice. It's a good thing that they are voluntary to dismiss the result, but it's not because they acted in a timely manner. It's because it reached out to the very end. But didn't they dismiss the day after Mr. Byrne sent the screenshot purporting to show no sales? I can't remember if it was no sales to Illinois or no sales to the United States, period. Yes, that was true. But that was only after four reminders of no personal jurisdiction, five reminders of no infringing evidence. Because I think there were some informal discussions happening, right? You know, the plaintiff is not going to drop it unless they see some evidence or, you know, alleged evidence, right? So I think this is the district court's point is that this was plaintiff was acting reasonably, right? That was undergirding the decision to deny fees. It would have been a different case if plaintiff had fought and dragged your client through additional litigation, right? Yes, that's the district court's view, and we disagree. Because a reasonable and competent lawyer should know what the law is on personal jurisdiction. And personal jurisdiction is not optional. It's a threshold for federal court to adjudicate the case brought into this court. And the plaintiff will be sued by the law. All right, Mr. Feng, thank you. I think we have your argument down, so thank you. Thank you. Are there any other questions? No, thank you. Okay, thank you. We'll take the case under advisement.